EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2023 TSPR 31 |
| Carlos E. Crespo Pendás (TS-11,356) | 211 DPR ___ |

Número del Caso: CP-2018-0003

Fecha: 13 de marzo de 2023

Oficina del Procurador General:

    Lcda. Minnie H. Rodríguez López
    Procuradora General Auxiliar

    Lcda. Yaizamarie Lugo Fontanéz
    Procuradora General Auxiliar

    Lcda. Melanie M. Mercado Méndez
    Procuradora General Auxiliar

Abogado del Querellado:

    Por derecho propio

Comisionado Especial:

    Hon. Gerardo A. Flores García

Materia: Conducta Profesional – Extensión de la suspensión para que sea indefinida por infringir los Cánones 18, 19, 35 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*:<br><br>Carlos E. Crespo Pendás<br>(TS-11,356) | CP-2018-0003 | *Conducta profesional* |

**PER CURIAM**

En San Juan, Puerto Rico, a 13 de marzo de 2023.

En el día de hoy, este Tribunal viene llamado, una vez más, a ejercer nuestra facultad disciplinaria sobre un miembro de la clase togada. En esta ocasión, tras encontrar que su conducta lo hace inmeritorio de pertenecer a nuestra profesión, extendemos **la suspensión del Sr. Carlos E. Crespo Pendás para que sea indefinida.**[1] Veamos los fundamentos que motivan nuestra determinación.

**I**

El Sr. Carlos E. Crespo Pendás (señor Crespo Pendás o promovido) fue admitido al ejercicio de la abogacía el 17 de enero de 1996 y al notariado el 1 de febrero de 1996.

---

[1] A la fecha de este dictamen, el promovido se encuentra suspendido por un término de seis (6) meses del ejercicio de la abogacía y la notaría, en virtud de nuestra *Opinión Per Curiam* en *In re: Carlos E. Crespo Pendás*, 2022 TSPR 96. Si bien el letrado solicitó la reinstalación a la abogacía mediante una *Moción* del 19 de enero de 2023, en vista del resultado al cual hoy arribamos, dicho petitorio se ha tornado académico y por lo tanto no tenemos **nada que proveer** al respecto.

Posteriormente, el 7 de septiembre de 2016, el Sr. Benjamín Cardona Salas, la Sra. Daisy Rosado Bruno y la Sra. Denissa Cardona Rosado (promoventes) presentaron una Queja contra el señor Crespo Pendás.

De dicho escrito, se desprende que estos alegaron haber sido víctimas de un accidente automovilístico durante el 2005. A raíz de ello, entendiendo que dicho evento fue provocado por la negligencia de un camión perteneciente a la entidad Rosario Transport, los promoventes contrataron al señor Crespo Pendás para que instara una acción ante el Tribunal de Primera Instancia. Así las cosas, el 16 de mayo de 2006 se presentó una *Demanda* y se inició el pleito *Daisy Rosado Bruno v. Manuel de J. Vidal Quiñones*, Civ. Núm. ABCI200600522, ante la Sala Superior de Aguada.

Ahora bien, según surge del expediente, dicha *Demanda* fue **archivada con perjuicio** por el foro primario mediante *Sentencia* del 8 de noviembre de 2007. En tal dictamen, el foro de instancia consignó que **los emplazamientos nunca fueron diligenciados**. Además, señaló que el 17 de enero de 2007 la parte demandante solicitó una prórroga para emplazar, pero dicha petición fue denegada por ser **presentada fuera de término**.

Retornando a la *Queja* instada, los promoventes alegaron que el señor Crespo Pendás, **durante más de diez (10) años**, les informó que el caso iba bien y les generó grandes expectativas económicas. En todo momento en el cual

los promoventes visitaron la oficina del letrado, este les proveía distintos datos sobre el presunto estado del caso. Finalmente, sostuvieron que, tras varias diligencias realizadas por la señora Cardona Rosado, los promoventes advinieron en conocimiento del verdadero resultado del caso.

Así las cosas, estos confrontaron al señor Crespo Pendás y este, tras inicialmente negar lo sucedido, aceptó que el caso estaba inactivo. En ese momento, el letrado se ofreció a llegar a un acuerdo monetario con los promoventes, pero esto no se concretó.

Oportunamente, el señor Crespo Pendás contestó la *Queja* y afirmó que los promoventes, en efecto, solicitaron su asesoría sobre una posible acción de daños. Posteriormente, alegó que tramitó una reclamación extrajudicial contra una aseguradora y que esta resultó infructuosa debido a que el informe policiaco del accidente le imputó a la señora Rosado Bruno la negligencia que provocó el suceso.

Respecto a la acción instada ante el foro primario de Aguada, el señor Crespo Pendás afirmó que radicó la acción para interrumpir el término prescriptivo. Además, anejó la copia de una carta en la cual presuntamente les informó a los promoventes que se estaba expirando el término para emplazar y que debían autorizarlo para realizar dicha gestión y proceder con el pago correspondiente. Finalmente,

alegó afirmativamente que nunca existió una contratación para radicar la *Demanda*.

Tras estos trámites, remitimos la *Queja* de epígrafe a la Oficina del Procurador General de Puerto Rico para la investigación correspondiente. Eventualmente, recibimos el *Informe del Procurador General*, en virtud del cual sostuvo que tras completar su investigación, encontraba que el señor Crespo Pendás había incurrido en conducta contraria a los Cánones 18, 19, 35 y 38 del Código de Ética Profesional, *infra*. Ante ello, el 15 de diciembre de 2017 instruimos al Procurador General a que presentara la *Querella* correspondiente.

Así pues, se radicaron cinco (5) cargos contra el aquí promovido. Primeramente, los Cargos I y II por incumplir con el deber que le imponen los Cánones 18 y 19 del Código de Ética Profesional, *infra*, al no actuar de forma puntual, diligente, competente y capaz en el asunto encomendado. Los Cargos III y IV por no ser sincero con sus clientes, al amparo del Canon 35 del Código de Ética Profesional, *infra*, respecto a la situación del caso y por haber afirmado que sometió ciertas comunicaciones a sus clientes para justificar su falta de tramitación de la *Demanda*, pese a que estas fueron enviadas previo a las gestiones que el propio promovido hizo para solicitar nuevos emplazamientos. Finalmente, el Cargo V por incurrir en conducta violatoria al Canon 38 del Código de Ética Profesional, *infra*, al no exaltar el honor y la dignidad de la abogacía.

Tras recibir la contestación del promovido, designamos al Hon. Gerardo A. Flores García como Comisionado Especial en este asunto. Así las cosas, se celebró una vista evidenciaria en esta causa el 3 de marzo de 2022. En dicho acto estuvo presente el señor Crespo Pendás, quien compareció por derecho propio. A su vez, comparecieron la Lcda. Melanie Mercado Méndez y la Lcda. Yaizamarie Lugo Fontánez, en representación de la Oficina del Procurador General.

Luego de escuchar las argumentaciones de las partes, el Procurador General procedió con el desfile de los testigos. En primer lugar, declaró el Sr. Benjamín Cardona Salas (señor Cardona Salas). Según adujo este, expuso que habló con el señor Crespo Pendas con el fin de que lo representara en una reclamación, sujeto al pago de un treinta y tres por ciento (33%) de lo obtenido. Posterior a ello, expuso que acudía una vez al mes a la oficina del promovido para indagar sobre el estatus de la reclamación. Destacó que **el señor Crespo Pendás siempre le indicó que el caso estaba bien y en curso**. A raíz de su testimonio, el Comisionado Especial admitió en evidencia tres (3) notas *post it*, las cuales el señor Cardona Salas explicó le fueron entregadas por el promovido y demostraban las fechas de las vistas que supuestamente se estaban señalando en el caso.

Por su parte, también testificó la Sra. Denissa Cardona Rosado (señora Cardona Rosado). Esta expuso que, en el 2016, solicitó a su padre, el señor Cardona Salas, la información

del caso. Tras esto, al acceder al sistema de información de los tribunales, **encontró que el caso se encontraba inactivo.** Posteriormente, confrontaron al promovido y este ripostó que el caso estaba en marcha. Así las cosas, la señora Cardona Salas acudió al foro primario de Aguada y allí se le indicó que, en su sistema, solo aparecía un caso viejo, **inactivo desde el 2007.**

De este incidente, la señora Cardona Salas volvió a increparle al promovido, quien, inicialmente, sostuvo que debía tratarse de un error, pero luego aceptó que ella estaba en lo correcto. Ante ello, declaró que el señor Crespo Pendás le dijo que se haría responsable. Es allí donde expuso que **el promovido le ofreció llegar a un acuerdo para que el asunto no transcendiera de su oficina.** Posterior a este testimonio, el Procurador General renunció al testimonio de la Sra. Daisy Rosado Bruno (señora Rosado Bruno), pero esta fue interrogada por el promovido.

Así las cosas, el Comisionado Especial formuló ciertas determinaciones de hechos. Entre estas, determinó que los promoventes habían contratado al promovido para que este presentara una acción de daños, pero que **esta fue archivada con perjuicio tras haber transcurrido el término para diligenciar los emplazamientos,** esto, pese a los intentos del promovido para extender el plazo para emplazar y para que se expidieran nuevos emplazamientos.

Determinó, además, que **el promovido nunca notificó a sus clientes el verdadero estado del caso**. Además de no informar a sus clientes del estado el caso, también **les proveyó información falsa** respecto a ello. El letrado **nunca pudo ofrecer una explicación** sobre por qué no diligenció los emplazamientos a tiempo, ni las razones por las cuales no les notificó a sus clientes el estado del caso.

Así las cosas, el Comisionado Especial **determinó que se había presentado prueba clara, robusta y convincente** de que el señor Crespo Pendás había infringido los Cánones 18, 19, 35 y 38 del Código de Ética Profesional. Recibida dicha determinación, le concedimos término a las partes para que se expresasen en torno al *Informe del Comisionado Especial* y con dicho beneficio procedemos a resolver.

## II

*A. Canon 18 de Ética Profesional*

Dispone el Canon 18 del Código de Ética Profesional que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".[2] De este precepto emanan los deberes de competencia y diligencia que tiene todo abogado admitido ante este Tribunal.

---

[2] 4 LPRA Ap. IX, Sec. 18.

En cuanto a ello, hemos reiterado que el abogado debe realizar aquellas gestiones que se le encomendaron de forma oportuna, adecuada y sin dilaciones, de forma tal que se logre la pronta solución de la controversia.[3] Además, toda actuación negligente de un abogado que pueda conllevar, o en efecto conlleve, el archivo o la desestimación de una causa de acción, constituye una violación de este canon.[4]

*B. Canon 19 de Ética Profesional*

A su vez, surge que el Canon 19 del Código de Ética Profesional exige que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado".[5] De este modo, hemos enfatizado que este proceder constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente.[6] Recordemos que "es deber del abogado informar a su cliente de **cualquier determinación que le sea adversa, sobre todo cuando esta ponga fin, total o parcialmente, a una causa de acción**". (Énfasis suplido).[7]

*C. Canon 35 de Ética Profesional*

Por otra parte, el Canon 35 del Código de Ética Profesional reconoce que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con

---

[3] *In re: Lugo Quiñones*, 206 DPR 1, 10 (2021).
[4] *Íb.*, pág. 11.
[5] 4 LPRA Ap. IX, sec. 19.
[6] *In re: Rafucci Caro*, 206 DPR 589, 607 (2021).
[7] *In re: Santos Cruz*, 193 DPR 224, 230 (2015).

sus representados y en las relaciones con sus compañeros debe ser sincera y honrada".[8] De este modo, la verdad es un atributo inseparable del ser abogado, por lo que su compromiso con esta debe ser incondicional.[9] En lo pertinente, hemos señalado como contraria a este precepto la conducta de un abogado que oculta a su cliente "la realidad jurídica de lo sucedido con el asunto que le fue encomendado, haciéndole **falsas representaciones de que estaba trabajando en el mismo, a sabiendas de que ello no era así**". (Énfasis suplido).[10]

*D. Canon 38 de Ética Profesional*

Finalmente, el Canon 38 del Código de Ética Profesional indica que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia".[11] Ante ello, basta indicar que **aquellas actuaciones que tengan el efecto directo de que desestime la causa del cliente son contrarias a los principios que el Canon 38 busca proteger**.[12] Por ello, el abogado tiene el deber de actuar con el más escrupuloso sentido de responsabilidad.[13]

---

[8] 4 LPRA Ap. IX, sec. 35.
[9] *In re: Rivera Lozada*, 176 DPR 215, 226 (2009).
[10] *Íb.*, pág. 230.
[11] 4 LPRA Ap. IX, sec. 38.
[12] *In re Stacholy Ramos*, 207 DPR 521, 531 (2021).
[13] *In re Rodríguez Lugo*, 201 DPR 729, 738 (2019).

### III

Nos encontramos ante un panorama donde la evidencia confirma las violaciones éticas que se le han imputado al señor Crespo Pendás. Como hemos visto, el promovido presentó una acción ante los tribunales y luego, en un **acto ajeno al nivel mínimo de competencia** que se espera de un abogado, **falló en diligenciar efectivamente los emplazamientos**. Peor aún, ante este desenlace, el promovido falló en gestionar, **oportunamente**, un remedio con el fin de mantener viva la causa de acción de sus clientes.

Esta información incontrovertida apunta directamente hacia un craso incumplimiento con el deber de competencia y diligencia que exige el Canon 18 del Código de Ética Profesional, *supra*. Además, es igualmente incontrovertido que el abogado nunca les informó a sus clientes de que el caso se había archivado con perjuicio. Esto, de por sí, acredita un severo incumplimiento con el deber de informar al cliente que surge del Canon 19 del Código de Ética Profesional, *supra*.

No obstante, la conducta errada del señor Crespo Pendás no se limitó a esto, pues, posterior a su ejecutoria irresponsable, el letrado incurrió en un patrón de deshonestidad respecto al verdadero estado del caso. En cuanto esto, nos basta indicar que el Comisionado Especial le estimó total credibilidad al testimonio de los promoventes en cuanto a las múltiples falsedades que el

letrado les comunicaba con el fin de explicar el retraso en su acción legal. Ante ello, la prueba confirmó el incumplimiento del letrado con el Canon 35 del Código de Ética Profesional, *supra*.

Finalmente, al examinar íntegramente la conducta del señor Crespo Pendás, no albergamos duda de que esta redunda en un desprestigio a la profesión que juró ejercer conforme a los altos estándares que esta Curia ha pregonado. La poca diligencia y peritaje que el promovido demostró en estos hechos, en conjunto con el patrón de expresiones engañosas hacia los promoventes, en definitivo no exaltaron el honor y la dignidad de la profesión conforme exige el Canon 38 del Código de Ética Profesional, *supra*.

Así las cosas, concluimos que la prueba que obra en el expediente, tal cual fue creída por el Comisionado Especial, acredita el craso incumplimiento ético del señor Crespo Pendás. Dicho esto, **encontramos aquí prueba clara, robusta y convincente que nos permite estimar probados los cargos imputados**. Resta, pues, evaluar su conducta a la luz de los criterios que hemos establecido para determinar la sanción a ser dispuesta en determinado caso ético.[14]

---

[14] Véase, *In re: Rivera Contreras*, 202 DPR 73, 92 (2019) ("... al momento de imponer la sanción disciplinaria a un abogado o una abogada que haya violado el Código de Ética Profesional evaluamos los factores siguientes: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si es su primera falta; (4) si no ha causado perjuicio a alguna parte; (5) la aceptación de la falta y su arrepentimiento sincero; (6) la defensa frívola de su conducta; (7) si se trata de un incidente aislado; (8) si hubo ánimo de lucro, y (9) cualquier otra consideración agravante o atenuante aplicable a los hechos particulares del caso.")

Del expediente, surge que el promovido ya había sido censurado por este Tribunal mediante una *Resolución* del 14 de diciembre de 2018. Además, como relatamos inicialmente, el señor Crespo Pendás actualmente se encuentra suspendido del ejercicio de la abogacía por seis (6) meses, por hechos relacionados a una conducta que **no fue sincera y honrada**.[15] Fundamentados en lo anterior, concluimos que la sanción procedente es **extender su actual suspensión del ejercicio de la abogacía**, de forma tal que esta sea **indefinida**.

## IV

Por los fundamentos previamente expuestos en esta *Opinión Per Curiam*, se extiende la suspensión del Sr. Carlos E. Crespo Pendás del ejercicio de la abogacía, para que esta sea indefinida. Habida cuenta de que el letrado se encuentra actualmente suspendido de la profesión, se le dispensa del requisito de notificación a sus clientes y a los foros en los cuales litiga de su inhabilidad para continuar ejerciendo la profesión.

Se dictará Sentencia de conformidad.

---

[15] Véase, *In re: Carlos E. Crespo Pendás*, 2022 TSPR 96.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| Carlos E. Crespo Pendás (TS-11,356) | CP-2018-0003 | *Conducta Profesional* |

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de marzo de 2023.

Por los fundamentos previamente expuestos en la *Opinión Per Curiam*, la cual se hace formar parte de esta *Sentencia*, se extiende la suspensión del Sr. Carlos E. Crespo Pendás del ejercicio de la abogacía, para que esta sea indefinida. Habida cuenta de que el letrado se encuentra actualmente suspendido de la profesión, se le dispensa del requisito de notificación a sus clientes y a los foros en los cuales litiga de su inhabilidad para continuar ejerciendo la profesión.

Notifíquese personalmente esta *Opinión Per Curiam* y *Sentencia* al señor Crespo Pendás a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo