EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Armando A. Cardona Estelritz<br>(TS-8,496) | 2023 TSPR 100<br><br>212 DPR ___ |

Número del Caso: CP-2018-0004

Fecha: 14 de agosto de 2023

Oficina del Procurador General:

     Lcdo. Joseph G. Feldstein del Valle
     Subprocurador General

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Yaizamari Lugo Fontánez
     Procuradora General Auxiliar

Abogada del Querellado:

     Lcda. Ana López Prieto

Comisionado Especial:

     Hon. Erick J. Ramírez Nazario

Materia: Conducta Profesional – Censura enérgica por violación a los Cánones 9, 12, 18, 35 y 38 de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Armando A. Cardona Estelritz          CP-2018-0004
        (TS-8,496)

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de agosto de 2023.

Ante el craso incumplimiento de los preceptos éticos que rigen la profesional legal, en específico, los Cánones 9, 12, 18, 35 y 38 del Código de Ética Profesional, infra, nos vemos en la obligación de ejercer nuestra facultad disciplinaria y censurar enérgicamente al Sr. Armando A. Cardona Estelritz.[1]

A continuación, haremos un breve recuento sobre los hechos que dieron paso a esta acción disciplinaria.

**I.**

El Sr. Armando A. Cardona Estelritz (señor Cardona

---

[1] En la actualidad, el Sr. Armando A. Cardona Estelritz se encuentra suspendido indefinidamente del ejercicio de la abogacía como consecuencia de la disposición de las Quejas AB-2018-0070, AB-2018-0031 y AB-2018-0003 que se presentaron en su contra.

Estelritz o querellado) fue admitido al ejercicio de la abogacía el 14 de enero de 1987 y a la notaría el 22 de abril de 1987.

Entre los meses de agosto a noviembre de 2013 el Sr. Raúl Bonilla Rodríguez solicitó sus servicios de representación legal en una petición bajo el Capítulo 7 de la Ley Federal de Quiebras ante el Tribunal de Quiebras de los Estados Unidos para el Distrito de Puerto Rico (Tribunal de Quiebras). El 25 de octubre de 2013 el señor Cardona Estelritz llevó a cabo la encomienda de presentar la petición del señor Bonilla Rodríguez ante el Tribunal de Quiebras, sin embargo, esta fue desestimada el 10 de enero de 2014.

En octubre de 2015, el señor Bonilla Rodríguez y el señor Cardona Estelritz acordaron que este último presentaría nuevamente su petición ante el Tribunal de Quiebras. Ello se hizo constar en una comunicación con fecha del 31 de octubre de 2015, en la que el señor Cardona Estelritz certificó que estaría representando al señor Bonilla Rodríguez en un procedimiento de Quiebra bajo el Capítulo 7; que se habían revisado y actualizado las deudas para que el tribunal tuviera la información actualizada; que estaría representando al señor Bonilla Rodríguez en todas las etapas del caso hasta que se obtuviera el relevo del Tribunal de Quiebras, y que la representación se haría libre de costo. El señor Cardona Estelritz procedió entonces a firmar el acuerdo y lo entregó al señor Bonilla Rodríguez.

Posteriormente, entre los meses de diciembre de 2015 a febrero de 2016, el señor Cardona Estelritz y el señor Bonilla Rodríguez intercambiaron diferentes mensajes de textos. De estos surge que el 29 de diciembre de 2015 el señor Cardona Estelritz le informó al señor Bonilla Rodríguez que "todo lo de su caso est[aba] listo".[2] A su vez, el 8 de enero de 2016, el señor Cardona Estelritz le informó al señor Bonilla Rodríguez que estaba resolviendo lo de la "radicación de su caso" y que lo llamaría esa tarde para verlo y entregarle copia, a su vez excusándose por la demora.[3]

Tras no recibir confirmación o comunicación alguna sobre su caso, el señor Bonilla Rodríguez intentó comunicarse con el señor Cardona Estelritz el 17 y 25 de enero de 2016,[4] así como el 3 de febrero de 2016. En la última fecha, el señor Cardona Estelritz le contestó al señor Bonilla Rodríguez indicándole lo siguiente: "[t]engo ya su caso", "[l]o llamo a la tarde y le entrego copia ma[ñ]ana", "[t]odo sometido y aprobado".[5] Con el fin de poder notificarle a sus acreedores y evitar las gestiones de cobro que estaban realizando, el 4 de febrero de 2016, el señor Bonilla Rodríguez le solicitó el número del caso.[6] Ese mismo día el señor Cardona Estelritz le contestó "[l]o llamo ya mismo don Ra[ú]l", "[t]engo sus

---

[2] *Informe del Comisionado Especial*, pág. 4, Expediente de la Querella CP-2018-0004.
[3] *Íb.*
[4] *Íb.*
[5] *Íb.*
[6] *Íb.*

papeles".[7] Al próximo día el señor Bonilla Rodríguez le volvió a escribir otro mensaje de texto al señor Cardona Estelritz exponiéndole lo siguiente: "[b]uenos días [licenciado], [o]tra vez me quedó mal", "[s]i ya sometió, [¿por qué] no me envía el número de caso?".[8]

Debido a que el señor Cardona Estelritz no le contestaba sus mensajes, el 8 de febrero de 2016 el señor Bonilla Rodríguez acudió al Tribunal de Quiebras donde le informaron que su caso no estaba presentado. En consecuencia, ese mismo día presentó la Queja AB-2016-0045.[9]

El 14 de junio de 2016, tras este Tribunal haberle concedido tres términos distintos para que contestara la queja en su contra, el señor Cardona Estelritz remitió su contestación. Reconoció que en octubre de 2015 se comprometió a someter nuevamente la petición de quiebras voluntaria y representar al promovente sin el cobro de honorarios profesionales. Señaló que en noviembre de 2015 se preparó una nueva petición y que se reunió con el señor Bonilla Rodríguez para verificar la información pertinente. Indicó que "[l]a nueva petición y todos los documentos necesarios para

_____

[7] Íb.
[8] Íb.
[9] Esta queja es la que desembocó en la querella de epígrafe. El 9 de febrero de 2016 este Tribunal le remitió una comunicación al señor Cardona Estelritz indicándole que debía presentar su contestación a la queja dentro de los diez (10) días siguientes al recibo de dicha comunicación. Ante su incumplimiento, el 30 de marzo de 2016 la Secretaría de este Tribunal remitió una segunda comunicación al letrado, en la cual se le concedía un término final de diez (10) días, a partir de la notificación de referida comunicación para que sometiera su contestación a queja. El 31 de mayo de 2016, diligenciada personalmente el 7 de junio de 2016, este Tribunal emitió una Resolución concediéndole un término final e improrrogable de cinco (5) días para comparecer y contestar la queja presentada.

completar exitosamente el proceso de quiebras del [señor] Bonilla [Rodríguez] esta[ban] preparados para ser sometidos nuevamente ante la Corte de Quiebras".[10] Sostuvo que la petición no se presentó, ya que previo a la presentación de esta, el señor Bonilla Rodríguez procedió a presentar la Queja AB-2016-0045. Indicó que se excusó con el señor Bonilla Rodríguez por las demoras habidas en resolver su petición de quiebras.[11]

El 5 de julio de 2016, este Tribunal refirió el asunto disciplinario a la Oficina del Procurador General (Procurador General) para investigación e informe conforme a la Regla 14 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B. En apretada síntesis, el señor Cardona Estelritz incumplió en múltiples ocasiones, tanto en contestar los requerimientos del Procurador General como nuestras órdenes. Tras varias gestiones investigativas por parte del Procurador General e incumplimientos del señor Cardona con estas, finalmente compareció y reiteró lo expuesto en su contestación a la queja, sin contestar la totalidad de las interrogantes contenidas en el requerimiento de información que se le remitió. El 28 de abril de 2017, el Procurador General presentó su *Informe* sobre la Queja AB-2016-0045.

---

[10] *Comparecencia ante la Honorable Procuradora General de Puerto Rico en cumplimiento de orden y para exponer posición*, pág. 3, expediente de la Querella CP-2018-0004.
[11] Cabe resaltar que el 28 de julio de 2016 el señor Bonilla Rodríguez, a través de la representación legal del Lcdo. Luis J. Cuevas Fontam, presentó su petición bajo el Capítulo 7 de la Ley de Quiebras, trámite que ya culminó.

El 1 de diciembre de 2017, notificada el 5 de enero de 2018, este Tribunal le ordenó al Procurador General la presentación de la Querella CP-2018-0004 que consiste en los siguientes cargos contra el señor Cardona Estelritz:

> **PRIMER CARGO:** El señor Cardona Estelritz infringió los preceptos del **Canon 18 de Ética Profesional**, el cual indica que un abogado no debe asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o la administración de justicia, así como que debe defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Ello, al no haber realizado la gestión profesional a la cual se comprometió en el mes de octubre de 2015 de presentar la petición de Quiebras del señor Bonilla Rodríguez.

> **SEGUNDO CARGO:** El señor Cardona Estelritz violó los preceptos del **Canon 35 de Ética Profesional**, el cual establece que la conducta de los miembros de la profesión ante los tribunales, para con sus representados, y las relaciones con sus compañeros debe ser sincera y honrada. Ello, al darle al señor Bonilla Rodríguez la falsa impresión e informarle que la petición de Quiebras, a la cual se comprometió, se había presentado, sin ser ello cierto.

> **TERCER Y CUARTO CARGO:** El señor Cardona Estelritz violó los **Cánones 9 y 12 de Ética Profesional**, los cuales obligan a los abogados a observar con los tribunales una conducta que se caracterice por el mayor respeto, y el ser puntual y desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de las causas. Ello, ante tos reiterados incumplimientos y dilaciones incurridas por el señor Cardona Estelritz en cumplir con las órdenes del Tribunal y los requerimientos de la Oficina del Procurador General, lo cual causó demoras irrazonables en la tramitación de este procedimiento disciplinario.

**QUINTO CARGO:** El señor Cardona Estelritz infringió el **Canon 38 de Ética Profesional,** el cual obliga a los abogados a esforzarse al máximo de su capacidad, en la exaltación de honor y la dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. Infringió dichos preceptos al no realizar la gestión profesional a la cual se comprometió, al no ser sincero y honrado con su cliente al darle la falsa impresión e información de que la petición de Quiebras se había presentado, y ante sus reiterados incumplimientos con las órdenes del Tribunal y los requerimientos de la Oficina del Procurador General, lo cual causó indebidas dilaciones en la tramitación de este procedimiento disciplinario.

El 8 de mayo de 2018 el señor Cardona Estelritz contestó la querella. Expuso que estaba consciente de la seriedad y de la gravedad de la querella en su contra por lo que, a pesar de contestar la querella por derecho propio, se encontraba realizando gestiones para obtener representación legal. Añadió que entendía de buena fe que sus comparecencias anteriores ante este Tribunal y ante el Procurador General eran adecuadas y suficientes para atender los reclamos de información dirigidos a su persona sobre este asunto disciplinario.

En torno a la querella, informó que en noviembre de 2013 el señor Bonilla Rodríguez acudió al Bufete de abogados Consultores Legales Asociados, CSP (Bufete) donde él se desempeñaba como abogado asociado, para recibir una orientación y evaluación sobre la posibilidad de poder acogerse a los beneficios de la Ley de Quiebras de los Estados Unidos. El señor Bonilla Rodríguez pagó la suma de $50.00 por

estos servicios. Expresó que en el transcurso de esta orientación y evaluación se auscultó el cuadro económico del señor Bonilla Rodríguez, incluyendo sus ingresos, sus activos y pasivos y la naturaleza de sus obligaciones a base de la evaluación efectuada. Tras culminar su evaluación, este determinó que el señor Bonilla Rodríguez cualificaba para los beneficios de la Ley Federal de Quiebras, en específico los beneficios del Capítulo 7 del Código Federal de Quiebras. Por consiguiente, el señor Cardona Estelritz le planteó el caso a su superior en aquel momento, quien no autorizó a representar al señor Bonilla Rodríguez a nombre del Bufete.

El señor Cardona Estelritz también alega que tomó la decisión de asistir y representar al señor Bonilla Rodríguez en su capacidad personal como abogado y no como asociado o empleado del Bufete. Esto incluyó no cobrar honorarios y realizar el trabajo estrictamente en una capacidad *pro bono*, lo cual él hizo constar en la notificación sobre honorarios de abogado suministrada al Tribunal de Quiebras en conjunto con la petición voluntaria de quiebra, bajo las disposiciones de 11 U.S.C. § 329(a) y la Regla 2016(b) de las Reglas de Procedimiento de Quiebras. Alegó que el mencionado caso ante el Tribunal de Quiebras no concluyó todas sus etapas ya que este perdió contacto con el señor Bonilla Rodríguez antes de que concluyera, en o hacia el mes de diciembre de 2013.

El señor Cardona Estelritz afirmó que tras perder contacto con el señor Bonilla Rodríguez no le fue posible

cumplimentar varios documentos requeridos para la quiebra, incluyendo informes de activos, pasivos, ingresos y gastos requeridos, conocidos en la terminología propia de la litigación de quiebras como los *Schedules*, el *Statement of Financial Affairs* y el *Means Test Calculation Statement*, entre otros. Así las cosas, afirmó que el Tribunal de Quiebras archivó el caso, sin perjuicio, el 22 de enero de 2014.

Según el señor Cardona Estelritz, en octubre de 2015, el señor Bonilla Rodríguez compareció nuevamente al Bufete y le reclamó el hecho de que este no hubiera concluido con su caso de quiebra. Según alega, es entonces que procedió a informarle al señor Bonilla Rodríguez lo ocurrido con su caso, y le aclaró que los $50.00 que éste había pagado habían ido al Bufete y no a él en su carácter personal, por lo que esa cantidad solo cubría la orientación y evaluación que en efecto se le suministró a nombre del Bufete. Señaló que el señor Bonilla Rodríguez aceptó esta explicación por lo que, en demostración de buena fe y del deseo genuino de ayudarlo y de concluir el proceso de quiebra, se comprometió a llevar nuevamente la petición voluntaria de quiebra y a representar al señor Bonilla Rodríguez sin mediar el cobro de honorarios. El señor Cardona Estelritz dijo que procedió a preparar nuevamente la petición voluntaria de quiebra en el mes de noviembre de 2015, actualizando la información pertinente. Arguyó que la petición actualizada de quiebra no se presentó ante el Tribunal de Quiebras porque antes de revisarla y

firmarla, el señor Bonilla Rodríguez, inconforme con su trabajo en el proceso de preparar y someter la mencionada petición, presentó la Queja Núm. AB-2016-0045. Añadió que cuando se comunicó por teléfono con el señor Bonilla Rodríguez, tras radicada la queja en su contra, para ofrecerle concluir su proceso de quiebra, el señor Bonilla Rodríguez declinó el ofrecimiento, informándole que ya había completado el proceso, acogiéndose exitosamente a la Ley Federal de Quiebras utilizando los servicios de otro abogado.

Finalmente, sostuvo que si de alguna forma había incumplido con su deber para con el señor Bonilla Rodríguez, existían circunstancias atenuantes y se había excusado con el señor Bonilla Rodríguez. Añadió que se excusaba nuevamente con el señor Bonilla Rodríguez y expresó que sería impensable que pusiera su carrera profesional de más de treinta (30) años en riesgo, sin razón o necesidad, cuando prestaba servicios *pro bono*.

Mientras, esta querella (CP-2018-0004) quedó archivada administrativamente ya que el 13 de diciembre de 2018 este Tribunal suspendió inmediata e indefinidamente al señor Cardona Estelritz del ejercicio de la abogacía por hechos separados, en las Quejas AB-2018-0070, AB-2018-0031 y AB-2018-0003.

El 26 de octubre de 2022 el señor Cardona Estelritz compareció ante este Tribunal mediante *Moción en cumplimiento de orden y nueva solicitud de reinstalación del querellado al*

*ejercicio de la abogacía y sobre otros asuntos*. Acompañó su solicitud de reinstalación con una declaración jurada en la que aceptó libre y voluntariamente que se reactivaran las dos quejas aún pendientes en su contra, así como la querella CP-2018-0004, con el interés de que una vez completado el trámite de estas, pudiera solicitar la reinstalación al ejercicio de la abogacía en Puerto Rico. Así las cosas, mediante *Resolución* del 31 de octubre de 2022, este Tribunal ordenó la reactivación de las Quejas AB-2018-0031, AB-2018-0070, y la querella CP-2018-0004.

El 22 de noviembre de 2022 designamos al Hon. Erik J. Ramírez Nazario como Comisionado Especial, para que recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Acto seguido, emitimos una *Orden* citando a las partes a comparecer a una vista sobre el estado de los procedimientos a celebrarse el 8 de febrero de 2023. En consecuencia, el 9 de febrero de 2023 el señor Cardona Estelritz, a través de la representación legal de la Lcda. Ana López Prieto, presentó *Moción Asumiendo Representación y Confirmando Disponibilidad de Fechas Seleccionadas*.

Tras llevar a cabo la referida vista, el Procurador General y el señor Cardona Estelritz presentaron una *Moción conjunta* sobre la prueba, incluyendo sus teorías, estipulaciones de hechos,[12] prueba documental estipulada y de

---

[12] Las partes estipularon 41 determinaciones de hechos. *Moción conjunta sobre la prueba*, expediente de la Querella CP-2018-0004.

las partes individuales, prueba testifical y objeciones a la prueba. Cabe resaltar que toda la prueba propuesta por la Oficina del Procurador General y por el señor Cardona Estelritz fue estipulada. Además, ambas partes indicaron que no presentarían prueba testifical.

El 5 de mayo de 2023 recibimos el *Informe del Comisionado Especial* referente a la querella que nos atañe. En apretada síntesis señaló que los cargos imputados al señor Cardona Estelritz quedaron plenamente apoyados por la prueba presentada por estipulación de las partes y expuso que no albergaba duda de que esta prueba es patentemente robusta, clara y convincente para sostener todos los cargos imputados. En consecuencia, concluyó y le recomendó a este Tribunal que se dieran por infringidos los Cánones 9, 12, 18, 35 y 38, de Ética Profesional, 4 LPRA Ap. IX, tal como se imputaron en la Querella CP-2018-0004.

En particular, el Comisionado Especial expresó que el señor Cardona Estelritz violó el Canon 18, competencia del abogado y consejo al cliente, al no realizar la gestión profesional a la cual se comprometió en el mes de octubre de 2015, a saber, nunca presentar la petición de quiebra de su cliente, bajo el capítulo 7. El Comisionado Especial especificó que la falta de diligencia del señor Cardona Estelritz en el trámite del caso, la dilación injustificada y la falta de comunicación adecuada y honesta con el señor Bonilla Rodríguez constituyen una violación al Canon 18.

Igualmente se configuró una violación al Canon cuando el querellado le hizo creer al señor Bonilla Rodríguez que había presentado su solicitud ante el Tribunal de Quiebra y que todo estaba sometido y aprobado. El Comisionado Especial también señaló que el querellado tampoco quiso proveerle a su cliente el número del caso y le dejó esperando por los documentos de la petición en varias ocasiones, hasta que el señor Bonilla Rodríguez logró completar el proceso con otro abogado.

El Comisionado Especial confirmó que el señor Cardona Estelritz violó el Canon 35, supra, de sinceridad y honradez, al representarle al señor Bonilla Rodríguez que había realizado el trabajo contratado, que todo estaba sometido y aprobado y que le habría de someter los papeles para su conocimiento, cuando era falso.

Además, debido al incumplimiento reiterado y las dilaciones incurridas por el señor Cardona Estelritz a responder a los requerimientos de información de la Oficina del Procurador General y las órdenes de este Tribunal, información que se desprende de la prueba estipulada entre las partes, el Comisionado Especial determinó que el querellado violó tanto el Canon 9, conducta del abogado ante los tribunales, así como el Canon 12, sobre puntualidad y tramitación de las causas.

Por último, en referencia al Canon 38, sobre preservación del honor y dignidad de la profesión, el

Comisionado Especial determinó que de la totalidad de la prueba estipulada se refleja la dejadez del querellado en ejercer con compromiso y capacidad su profesión. Su comportamiento y trato al señor Bonilla Rodríguez, refleja un mínimo esfuerzo y compromiso en el trámite al que se comprometió con este para que pudiera acogerse a la protección de la quiebra.

A la luz de este tracto fáctico, procedemos a exponer el derecho aplicable.

## II

### A. La figura del comisionado especial en los procedimientos disciplinarios

La Regla 14(e) del Reglamento de este Tribunal establece que una vez recibamos la recomendación del Procurador o Procuradora General, el Tribunal podrá ordenar que se presente la querella correspondiente. Regla 14(e) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Conforme al inciso (h) de la referida regla, el Tribunal "podrá nombrar un [c]omisionado o [c]omisionada [e]special para que reciba la prueba y rinda un informe con sus determinaciones de hecho". Regla 14(h) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. Hemos determinado que corresponde al comisionado especial recibir prueba y evaluar y dirimir la evidencia conflictiva mediante la celebración de una vista. *Íb.*; In re Morales Soto, 134 DPR 1012 (1994).

Cabe resaltar que este Tribunal ha reiterado que el estándar probatorio a utilizarse en casos disciplinarios es el de prueba robusta, clara y convincente, no a base de conjeturas. In re Caratini Alvarado, 153 DPR 575, 65 (2001); véase, además, In re: Martínez Almodóvar, 180 DPR 805 (2011). La prueba clara, robusta y convincente ha sido descrita como aquella evidencia que produce en un juzgador de hecho una convicción duradera de que las contenciones fácticas son altamente probables. In re Fontánez Fontánez, 181 DPR 407 (2011).

Al examinar la prueba en procesos disciplinarios, es la figura del comisionado(a) especial quien ocupa el papel del juzgador de instancia y, por lo tanto, está en mejor posición para aquilatar la prueba testifical. Es por esta razón que sus determinaciones al evaluar esa prueba merecen nuestra mayor deferencia. In re Soto López, 135 DPR 642 (1994). Ahora bien, de igual manera hemos resuelto que, aunque este Tribunal no está obligado a aceptar el informe de la persona designada como comisionado especial para atender una querella contra un profesional del derecho, pudiendo adoptar, modificar o rechazar tal informe, de ordinario sostenemos las conclusiones de hecho de este, salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Torres Vinals, 180 DPR 236, 248 (2010); In re Gordon Menéndez I, 171 DPR 210 (2007); In re Moreira Avillán, 147 DPR 78, 86 (1991); In re Soto López, supra; In re Morales Soto, supra.

**B. Canon 9 de Ética Profesional**

El Canon 9 de conducta del abogado ante los tribunales expresa que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. Este canon aplica "especialmente cuando se trata de procesos disciplinarios", mediante los cuales "los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes". In re Meléndez Mulero, 208 DPR 541 (2022); In re Lajara Radinson, 207 DPR 854 (2021); In re Colón Rivera, 206 DPR 1073 (2021). El cumplimiento de este canon incluye tanto las órdenes de este Tribunal como los requerimientos de otras entidades públicas que intervienen en el proceso disciplinario, como lo es la Oficina del Procurador General. In re Meléndez Mulero, supra; In re Malavé Haddock, 207 DPR 573 (2021); In re Martínez Jiménez, 206 DPR 1074 (2021). "A tales efectos, el profesional legal que asuma una actitud de dejadez y menosprecio a las órdenes tanto de este Tribunal como a [los requerimientos] del Procurador General infringe el Canon 9 de Ética Profesional [...]". In re Carmona Rodríguez, 206 DPR 863, 869 (2021).

"[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen

carácter que debe exhibir todo miembro de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017). Esta falta ética es independiente de los méritos que pueda tener la queja presentada contra el abogado y es suficiente para decretar la separación inmediata e indefinida de la profesión. In re Malavé Haddock, supra; In re López Pérez, 201 DPR 123, 126 (2018).

### C. Canon 12 de Ética Profesional

El Canon 12 sobre puntualidad y tramitación de las causas establece que el abogado o abogada tiene un deber "hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas". Canon 12 del Código de Ética Profesional, supra. Conforme a este canon "los letrados que no comparecen para responder una queja en su contra incurren en conducta impropia. Este canon les impone el deber de tramitar las causas encomendadas de manera responsable, puntual y diligente, así como de cumplir estrictamente con nuestras órdenes". In re Bermúdez Tejero, 206 DPR 86 (2021); In re Rádinson Pérez, 204 DPR 522 (2020). En consecuencia, todo abogado o abogada que incumple con las órdenes de este Tribunal, con los requerimientos de sus dependencias o alguna otra entidad pública que intervenga en el proceso disciplinario viola el Canon 12 de Ética Profesional.

Por otro lado "las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes configuran además

una infracción patente del Canon 12". In re Meléndez Mulero,
supra; In re López Santiago, 203 DPR 1015, 1026-1027 (2020);
In re Carrasquillo Bermúdez, 203 DPR 847, 858 (2020). "[L]a
diligencia implica que el [abogado] realice las gestiones que
le fueron encomendadas en momento oportuno, en forma adecuada
y sin dilaciones que puedan afectar la pronta solución de la
controversia". In re Nieves Nieves, 181 DPR 25 (2011).

### D. Canon 18 de Ética Profesional

"Será impropio de un abogado asumir una representación
profesional cuando está consciente de que no puede rendir una
labor idónea competente y que no puede prepararse
adecuadamente sin que ello apareje gastos o demoras
irrazonables a su cliente o a la administración de la
justicia". Canon 18 del Código de Ética Profesional, supra.
Este es el postulado que rige el Canon 18 de competencia del
abogado y consejo al cliente. Este Tribunal ha requerido de
los abogados celo, cuidado y diligencia en la tramitación de
asuntos judiciales, por lo que cuando un abogado "exhibe una
conducta negligente que pueda acarrear o, en efecto acarreé,
la desestimación de un caso", así como cuando ignora órdenes
judiciales y se desatiende el trámite de un caso infringe los
preceptos del Canon 18 de Ética Profesional. In re Rivera
Nazario, 193 DPR 573 (2015); véase, también, In re Hoffman
Mouriño, 170 DPR 968 (2007); In re Guadalupe Díaz, 155 DPR
135, 154-155 (2001). También hemos reiterado que se infringe
este Canon al: "(1) no responder planteamientos medulares;

(2) ignorar órdenes judiciales o administrativas; (3) incurrir en errores crasos; (4) desatender o abandonar el trámite de un caso, y (5) permitir que la acción se desestime sin realizar esfuerzos para evitarlo." In re Nazario Díaz, 195 DPR 623 (2016). "Así, cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta adecuada y responsablemente, infringe el Canon 18." In re Nazario Díaz, supra, pág. 636; In re Cotto Luna, 187 DPR 584, 588-589 (2012).

### E. Canon 35 de Ética Profesional

El Canon 35 de sinceridad y honradez expone que un abogado o abogada debe tener estas cualidades ante los tribunales, para con sus representados y en las relaciones con sus compañeros. Canon 35 del Código de Ética Profesional, supra. Su encomienda principal es resaltar la verdad como "atributo inseparable del ser abogado". In re Crespo Pendás, 2023 TSPR 31 (2023).

En específico hemos señalado "como contraria a este precepto la conducta de un abogado que oculta a su cliente la realidad jurídica de lo sucedido con el asunto que le fue encomendado, haciéndole falsas representaciones de que estaba trabajando en el mismo, a sabiendas de que ello no era así". In re Crespo Pendás, supra; véase además, In re Rivera Lozada, 176 DPR 215, 226 (2009). Es por esto que el compromiso del abogado o abogada con la integridad, sinceridad y honradez, y con las encomiendas de sus clientes debe ser incondicional.

<u>In re Crespo Pendás</u>, supra. "En consecuencia, para actuar de conformidad con el mandato prescrito en este canon, los abogados y las abogadas deben asegurarse de no proveer información falsa o incompatible con la verdad y de no ocultar información cierta que deba ser revelada". <u>In re Joglar Castillo</u>, 210 DPR 956 (2022); <u>In re Ortiz Sánchez</u>, 201 DPR 765, 781 (2019).

**F. Canon 38 de Ética Profesional**

"Por razón de la confianza depositada [en cada miembro] de la ilustre profesión legal, todo abogado [o abogada], tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable". <u>In re Bermúdez Meléndez</u>, 198 DPR 900 (2017). El Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX "impone a todo abogado el deber de conducirse de manera que exalte el honor y la dignidad de la profesión evitando en todo momento el incurrir en conducta impropia y/o en la apariencia de conducta impropia". <u>In re Aponte Morales</u>, 2023 TSPR 13. Por eso un miembro de la profesión legal debe evitar hasta la apariencia de conducta profesional impropia. Canon 38 del Código de Ética Profesional, *Íb.*

En consecuencia, "todo letrado debe desempeñarse de forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa". <u>In re Sánchez</u>

<u>Pérez</u>, 210 DPR 235, 264 (2022); <u>In re Fingerhut Mandry</u>, 196 DPR 327, 333 (2016).

**III**

Este Tribunal tiene la responsabilidad de ejercer cabalmente su facultad disciplinaria sobre aquellos integrantes de la profesional legal que se han apartado de los preceptos que rigen su conducta ética. En consecuencia, atendemos la querella de epígrafe en la cual se le imputaron cinco cargos al señor Cardona Estelritz por infringir los Cánones 18, 35, 9, 12 y 38 de Ética Profesional, <u>supra</u>.

El señor Bonilla Rodríguez alega que desde el 29 de diciembre de 2015 hasta el 8 de febrero de 2016 el señor Cardona Estelritz se comunicó con él por mensajes de texto en los cuales le aseguró que toda la documentación para someter su caso reclamando la protección de quiebra estaba lista y que, en efecto, había presentado su petición ante el Tribunal de Quiebras, información que luego el promovente pudo corroborar era falsa.

Por otro lado, el señor Cardona Estelritz argumenta que tomó el caso del señor Bonilla Rodríguez de manera gratuita, es decir, *pro bono*, y que la razón por la cual no se pudo presentar la solicitud de quiebras ante el Tribunal Federal de Quiebras fue porque el señor Bonilla Rodríguez presentó la queja en su contra antes de darle la oportunidad de hacerlo. Esta justificación es inaceptable.

La evidencia presentada en este caso, incluyendo múltiples mensajes de texto entre las partes, demuestra que el querellado le mintió en varias ocasiones a su cliente cuando le informó que su caso ya estaba sometido. También muestra como evadía a su cliente y dilataba comunicarse con este indicándole que lo iba a llamar sin nunca responderle o aclararle que no había presentado su caso. De no ser porque el señor Bonilla Rodríguez se presentó al Tribunal Federal de Quiebras y allí advino en conocimiento de que su caso no se había sometido, no hubiera conocido la realidad de su solicitud de quiebras. El hecho de que el querellado representara *pro bono* al señor Bonilla Rodríguez no es atenuante para su dejadez y sus evasivas sobre por qué no completó el trámite para el que se comprometió con este, dejándole en un estado de vulnerabilidad innecesaria. Ya hemos resuelto que **un abogado o abogada es igual de responsable en su función representativa en un caso *pro bono* como en uno remunerado y se expone a ser sancionado de igual manera si incumple con los preceptos éticos de la profesión.** Véase, In re Reyes Coreano, 190 DPR 739 (2014).

También, el incumplimiento craso y constante con las órdenes de este Tribunal y los requerimientos de la Oficina del Procurador General, tanto en el proceso de la Queja AB-2016-0045, como en el de la Querella CP-2018-0004, configuran violaciones a los Cánones 9 y 12 de Ética Profesional, supra. Asimismo, la inacción del querellado en

atender el trámite del caso de quiebras del señor Bonilla Rodríguez violentó el Canon 12 de Ética Profesional y redundó en perjuicio hacia el cliente, quien no solo esperaba un desempeño diligente, sino que dependía de la radicación de su caso para detener los intentos de cobro por parte de sus acreedores.

El comportamiento del señor Cardona Estelritz tanto en su falta de diligencia como sus intentos por dilatar la comunicación con el señor Bonilla Rodríguez violentaron el Canon 18 de Ética Profesional, el cual exige que los abogados y las abogadas defiendan los intereses sus clientes de manera diligente, con profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Canon 18 del Código de Ética Profesional, supra.

De otro lado, no hay duda de que la insinceridad que desplegó el señor Cardona Estelritz en su función como representante legal del señor Bonilla Rodríguez constituye una violación al Canon 35 de Ética Profesional, supra, que exige un deber de honestidad y sinceridad en el ejercicio de la abogacía.

Por las actuaciones señaladas, el señor Cardona Estelritz tampoco se esforzó al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión, en directa violación del Canon 38 de Ética Profesional, supra.

Habiendo determinado que la evidencia es clara, robusta y convincente en cuanto a las múltiples violaciones éticas imputadas, nos corresponde determinar una sanción adecuada. Previo a determinar la sanción correspondiente a un profesional del derecho que ha infringido los Cánones de Ética Profesional, hemos adoptado varios criterios o factores a considerarse: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente o la clienta; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. Véase, In re Roldán González, 195 DPR 414 (2016).

Ante los hechos estipulados y probados en esta Querella acogemos la recomendación del Comisionado Especial y concluimos, que en efecto, el señor Cardona Estelritz violó los Cánones 18, 35, 9, 12 y 38 de Ética Profesional. Si bien entendemos que la conducta del señor Cardona Estelritz amerita una suspensión del ejercicio de la abogacía, debido a que al presente este se encuentra suspendido indefinidamente, procedemos a censurarlo enérgicamente como sanción disciplinaria por las violaciones imputadas en la Querella de epígrafe y se tomará en cuenta para solicitudes futuras de reinstalación a la profesión legal.

**IV**

Por los fundamentos expuestos, se censura enérgicamente al señor Cardona Estelritz.

Notifíquese al señor Cardona Estelritz de esta Opinión *Per Curiam* y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

    CP-2018-0004

Armando A. Cardona Estelritz
    (TS-8,496)


SENTENCIA

En San Juan, Puerto Rico, a 14 de agosto de 2023.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se censura enérgicamente al Sr. Armando A. Cardona Estelritz.

Notifíquese al señor Cardona Estelritz de esta Opinión Per Curiam y Sentencia por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez no intervinieron. La Jueza Asociada señora Pabón Charneco no interviene. El Juez Asociado señor Rivera García está inhibido.


            Javier O. Sepúlveda Rodríguez
            Secretario del Tribunal Supremo