EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Javier Pérez Rojas (TS-9,428) | 2023 TSPR 139<br><br>213 DPR ___ |
|---|---|

Número del Caso:  CP-2019-0004

Fecha:  21 de noviembre de 2023

Oficina del Procurador General:

     Hon. Fernando Figueroa Santiago
     Procurador General

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar

     Lcda. Noemí Rivera de León
     Procuradora General Auxiliar

Abogados del querellado:

     Lcda. Daisy Calcaño López
     Lcda. Pilar Pérez Rojas
     Lcdo. Raúl Rodríguez Quiles
     Lcdo. Ángel M. Cintrón García

Comisionada Especial:

     Hon. Crisanta González Seda

Materia:  Conducta Profesional – Suspensión del ejercicio de la abogacía por el término de treinta (30) días por incumplir con la orden del Tribunal Supremo de notificar la Sentencia sobre su suspensión previa y no informarle a la parte querellante ni al tribunal de instancia que presidió la demanda de deslinde y amojonamiento.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas      CP-2019-0004      Conducta
     (TS-9,428)                            Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 21 de noviembre de 2023.

## I

En esta ocasión nos corresponde disciplinar a un miembro de la profesión legal que incumplió con la orden de notificar inmediatamente la *Sentencia* de este Tribunal concerniente a la suspensión inmediata e indefinida que recayó en su contra y que tardó meses en darle cumplimiento al referido dictamen.

El Lcdo. Javier Pérez Rojas (licenciado Pérez Rojas) fue admitido al ejercicio de la abogacía el 3 de enero de 1990 y a la práctica de la notaría el 31 de enero del mismo año.

I

El 17 de septiembre de 2015, el Sr. Armando Vilalt Estévez, en adelante, señor Vilalt Estévez, suscribió un contrato de servicios profesionales con el licenciado Pérez Rojas para que presentara una causa de acción de deslinde y amojonamiento. Acordaron el pago de $6,000 de los cuales el señor Vilalt Estévez le adelantó $1,000 al abogado.[1]

Antes de presentar la demanda en cuestión, el letrado realizó una investigación inicial. De acuerdo con la información provista por el cliente, el licenciado Pérez Rojas entendió que era el dueño del terreno, solo que no aparecía inscrito a su nombre en el Registro de la Propiedad. Entre las gestiones realizadas, conversó con vecinos para lograr que los puntos de colindancias concordaran con las escrituras de sus respectivas propiedades y solo uno de estos no quiso cooperar. Visitó la propiedad cerca de tres ocasiones y de las indagaciones que realizó surgió que la dueña registral de la propiedad era su madre, la señora Estévez Velázquez, toda vez que el señor Vilalt Estévez no cualificó para obtener el financiamiento del terreno. A raíz de que uno de los vecinos se negó a mover los puntos de colindancia, además de que este estaba construyendo fuera de los límites, el licenciado Pérez Rojas le explicó al cliente que había que presentar la causa de acción en representación de la dueña registral, a saber, la

---

[1] En el pasado el Sr. Armando Vilalt Estévez había contratado los servicios del querellado para un trámite en la que agentes de la División de Vehículos Hurtados de la Policía de Puerto Rico hicieron un allanamiento y le ocuparon el vehículo del trabajo.

señora Estévez Velázquez. En el interín de sus gestiones, el letrado le requirió dinero para la continuación del trámite previo a la presentación de la demanda.

La causa de acción se presentó el 2 de abril de 2016. Sin embargo, el 18 de mayo de 2016 suspendimos de manera inmediata e indefinida al licenciado Pérez Rojas por incumplir con nuestras órdenes conforme al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX porque no contestó una queja presentada en su contra.[2] Como parte del dictamen, se le impuso el deber de notificar a sus clientes sobre su inhabilidad para continuar representándolos y que les devolviera cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impuso la obligación de informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en que tuviera algún caso pendiente y que acreditara y certificara ante este Tribunal el cumplimiento de las órdenes, dentro de un término de treinta días, contados a partir de la notificación de la suspensión.

El 23 de mayo de 2016, la parte demandada de la causa de acción, contestó la demanda y allí formuló las defensas de cosa juzgada y parte indispensable, pues expuso que ese terreno pertenecía a la Autoridad de Tierras. La contestación se notificó al querellado a su dirección de récord.

Ante este hecho, el licenciado Pérez Rojas, visitó el tribunal de Río Grande para revisar el expediente y corroboró

---

[2] *In re Pérez Rojas*, 195 DPR 571 (2016). La Opinión *Per Curiam* y Sentencia se le notificó al letrado el 26 de mayo de 2016.

que el terreno colindante pertenecía a la Autoridad de Tierras. Seis meses antes se tramitó una mensura que tenía unas medidas diferentes a las que tenía al momento de presentar el caso. En vista de ello, se comunicó con el cliente, le explicó la situación y le informó que había que acumular a la Autoridad de Tierras porque el vecino demandado no era el dueño del terreno.

Para junio de 2016, el abogado de la parte demandada le notificó al tribunal de instancia y al querellado que estaría fuera de Puerto Rico. Asimismo, el 27 de septiembre de 2016, el foro primario le notificó al querellado la *Orden sobre el manejo del caso*, conforme lo postula la Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V. Mientras los procedimientos continuaban, el querellado no había cumplido con nuestra orden de notificar la suspensión dictaminada en el mes de mayo de 2016.

En diciembre de 2016, la promovente visitó la oficina del querellado y, al no encontrarse, infructuosamente le escribió una carta expresándole su molestia por la ausencia de comunicación.

En enero de 2017 el señor Vilalt Estévez y la promovente se enteraron por *internet* de la suspensión de la práctica legal del querellado. Incómodo, el señor Vilalt Estévez visitó al letrado a la oficina para requerirle la devolución del dinero pagado y el expediente. El abogado no le devolvió el dinero, pero le entregó el expediente. Debido al estado anímico en que se encontraba, el señor Vilalt Estévez no verificó que en el

contenido del expediente estaba el escrito de renuncia, pero este no se había presentado en el tribunal. Desde la suspensión, la asistente de contabilidad de la oficina colaboraba en la preparación de los escritos para todos los tribunales y los clientes del querellado, los colocaba en los respectivos expedientes y, luego de que el letrado los firmaba, enviaba el mensajero a presentarlos en los tribunales y los notificaba a los clientes con el aviso de que recogieran sus expedientes y los honorarios adeudados.

El 20 de enero de 2017 el letrado presentó una moción informativa para notificar la suspensión y solicitar el relevo como representante legal en el caso. En la moción certificó que envió copia del escrito a la querellante a la dirección que le constaba.

El 25 de abril de 2017, tres meses después de la presentación de la moción informativa, el tribunal de instancia le ordenó a la parte demandante que, en un término de cinco días, anunciara la nueva representación legal, so pena de la desestimación sin perjuicio del caso, de acuerdo con la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V. El 8 de junio de 2017, el foro de instancia notificó una *Sentencia* en la que desestimó sin perjuicio la demanda por inactividad. La querellante ni su hijo contrataron a un abogado ni buscaron orientación legal porque, según alegaron, no tenían dinero para hacerlo.

Una semana después, el 15 de junio de 2017, la señora Estévez Velázquez presentó la queja de epígrafe contra el

licenciado Pérez Rojas en la cual alegó que por más de un año ella no vio progreso en su caso y que este resultó desestimado por inactividad. A su vez, indicó que llamó en muchas ocasiones al licenciado Pérez Rojas y que este le ofrecía diferentes excusas. Para julio de 2017, ordenamos el archivo administrativo de la queja presentada por la promovente, pues en ese entonces el licenciado Pérez Rojas aún se encontraba suspendido de manera indefinida del ejercicio de la profesión.

Posteriormente, mediante una *Resolución* notificada el 21 de mayo de 2018, ordenamos la reinstalación del querellado al ejercicio de la abogacía y se reactivaron los asuntos pendientes en contra del letrado. En cuanto a la querella de epígrafe, se le concedió al abogado un plazo de treinta días para que se expresara sobre las quejas pendientes en su contra, pero no contestó. Para el 21 de junio de 2018, el querellado no había cumplido con la orden y, en esa fecha, la Secretaría del Tribunal refirió el expediente a la Oficina del Procurador General (Procurador General). El 5 de julio de 2018, el Procurador General envió una comunicación al licenciado Pérez Rojas por correo certificado y regular en la que le concedió un término final de quince días para que se expresara sobre la queja y sometiera la documentación relacionada con este asunto, incluyendo la información sobre los pagos que realizaron la promovente y su hijo.

El abogado contestó la queja el 23 de agosto de 2018 para informar que notificó la suspensión al señor Vilalt Estévez y le había entregado el expediente. El 12 de diciembre

de 2018, el Procurador General presentó un *Informe Final*, en el que concluyó que la conducta del querellado pudo violar los Cánones 9 y 12 de Ética Profesional, infra. Sin embargo, expresó que no contaba con prueba clara, robusta y convincente que le permitiera concluir que el querellado estuviera reteniendo dinero por algún servicio no prestado en contravención a los Cánones 20 y 23 de Ética Profesional, 4 LPRA Ap. IX.

El 25 de marzo de 2019 el licenciado Pérez Rojas presentó una *Moción sobre el informe del Procurador General*, en la que expresó que solo recibió $2,200 entre honorarios y sellos de rentas internas y se excusó por la tardanza con relación a su gestión ante este Tribunal y dicha entidad.

El 6 de mayo de 2019 le ordenamos al Procurador General que presentara la *Querella*. En cumplimiento con esta orden, esta se presentó el 26 de julio de 2019 y, en esencia, el Procurador General le imputó al letrado varios cargos, a saber:

> PRIMER CARGO: El licenciado Pérez infringió los preceptos del Canon 9 de Ética Profesional, el cual le impone a los abogados un deber de respeto con los tribunales, lo cual incluye cumplir con sus órdenes. Ello, al no cumplir rigurosamente con la orden emitida por este Alto Foro al momento de su suspensión en el 2016, cuando no notificó inmediatamente su suspensión en el caso de la querellante, sino que esperó casi ocho meses para ello.

> SEGUNDO CARGO: El licenciado Pérez violó el Canon 35 de Ética Profesional, el cual obliga a los abogados a que su conducta con los tribunales sea honrada y sincera, lo cual incluye no ocultar información que debe ser revelada. Ello, debido a que el querellado no informó oportunamente al Tribunal de Primera Instancia su suspensión al ejercicio de la abogacía, por lo que dicho Foro no advino en conocimiento de la misma hasta casi ocho meses después de su suspensión.

TERCER CARGO: El licenciado Pérez violó los preceptos del Canon 12 de Ética Profesional, el cual establece que los abogados deben ser concisos y exactos en la presentación de sus causas para no causar indebidas dilaciones en la tramitación y solución de los casos. Ello, al haber causado dilaciones innecesarias e irrazonables en el caso de la querellante ante el Tribunal de Primera Instancia al no haber informado oportunamente su suspensión al Tribunal.

CUARTO CARGO: El licenciado Pérez infringió los preceptos del Canon 18 de Ética Profesional, el cual establece el deber de los abogados de defender diligentemente los intereses de su cliente, actuando de aquella manera que la profesión jurídica en general estima adecuada y responsable. El querellado no defendió adecuadamente los intereses de su cliente al no haberle informado oportunamente a esta ni al Tribunal de Primera Instancia su suspensión al ejercicio de la profesión, lo cual ocasionó demoras irrazonables e innecesarias en la tramitación de su caso.

QUINTO CARGO: El licenciado Pérez infringió los preceptos del Canon 19 de Ética Profesional, el cual obliga a los abogados a mantener informado a su cliente sobre cualquier asunto importante que surja en su caso. El querellado faltó a dicho precepto ético al no informar a la querellante de su suspensión al ejercicio de la profesión, lo que le imposibilitaba continuar representándola.

SEXTO Y SÉPTIMO CARGO: El licenciado Perez violó los Cánones 9 y 12 de Ética Profesional, los cuales obligan al abogado a cumplir con diligencia y escrupulosidad las órdenes del Tribunal Supremo y del Procurador General en los procedimientos disciplinarios. Ello, debido a que el querellado no cumplió con los términos concedidos por el Tribunal Supremo y la Oficina del Procurador General para contestar la queja que dio origen a esta querella.

OCTAVO CARGO: El licenciado Pérez violó el Canon 38 de Ética Profesional al no exaltar el honor y la dignidad de la profesión, y no evitar hasta la apariencia de conducta impropia, al no cumplir rigurosamente con las órdenes del Tribunal Supremo y la oficina del Procurador General en los procedimientos disciplinarios en su contra, y no informar oportunamente su suspensión al ejercicio a la abogacía al Tribunal de Primera Instancia ni a la querellante, lo cual conllevó dilaciones innecesarias en la tramitación del caso de su cliente.

El 26 de septiembre de 2019 el licenciado Pérez Rojas contestó la *Querella*. En lo concerniente a su conducta, expuso

que se trató de una omisión no intencional. Añade que siempre se ha destacado por conducirse con respeto y con arreglo a la ley. Sin embargo, señaló que situaciones familiares expuestas trastocaron su vida personal y profesional. Expresó que, además de que no fue intencional ni con ánimos de devengar ingresos, sino que, al descubrir que la verdadera dueña del terreno era la Autoridad de Tierras le expresó la necesidad de acumularla en la demanda.

El 28 de marzo de 2022 emitimos una *Resolución* mediante la cual nombramos a la Lcda. Crisanta González Seda como Comisionada Especial para recibir la prueba correspondiente y rindiera un informe a esos efectos. Luego de concluir los trámites de rigor, la Comisionada Especial rindió el Informe ordenado. En síntesis, concluyó que hubo prueba clara, robusta y convincente de los cargos imputados al licenciado Pérez Rojas. Sin embargo, reconoció que el letrado reiteradamente se excusó y manifestó arrepentimiento.

El letrado reaccionó al Informe de la Comisionada Especial y expuso que al momento de haber sido notificado de la suspensión se encontraba atendiendo a varios familiares con enfermedades graves. Reconoció que estas situaciones lo condujeron a no ser diligente con cumplir con la orden. Añadió que, incluso, la moción estaba en el expediente lista para su firma y presentarse en el tribunal. En vista de que, al momento de la visita del señor Vilalt Estévez, los ánimos estaban caldeados, este se llevó el expediente y no se presentó la moción. Sin embargo, señaló que estaba absolutamente seguro de

que le informó a los querellantes de su suspensión dentro de los treinta días de habérsele notificado y no siete meses después. Aduce que los querellantes podían buscar alternativas de representación legal gratuita y ser diligentes con su caso. Con estos señalamientos alegó que no violó los cánones 18, 19 y 35 del Código de Ética Profesional, supra.

## II

La comunidad jurídica conoce que el Código de Ética Profesional establece unas guías mínimas que promueven que los profesionales del derecho se conduzcan con los más altos principios y que estas redundan en beneficio de las instituciones de justicia y la ciudadanía en general.[3] A través de este ordenamiento jurídico ético, este Tribunal es el único con el poder de disciplinar a la clase togada.

El Canon 9 del Código de Ética Profesional, supra, rige la conducta que debe desplegar un abogado ante los tribunales. Con arreglo a este postulado, el mayor respeto es el estándar que un profesional del derecho debe de observar para con este Tribunal, especialmente cuando se trata de procedimientos disciplinarios.[4] Hemos expresado que la imposición de este canon se extiende al incumplimiento de un abogado con los requerimientos que realice cualquiera de nuestros brazos

---

[3] *In re Lugo Quiñones*, 206 DPR 1, 9 (2021); *In re Espino Valcárcel*, 199 DPR 761 (2018); *In re Burgos García*, 198 DPR 50 (2017); *In re Soto Charraire*, 186 DPR 1019 (2012); *In re Rodríguez Lugo*, 201 DPR 729 (2019); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014).

[4] *In re Cardona Estelritz*, 2023 TSPR 100, 212 DPR ___ (2023); *In re Meléndez Mulero*, 208 DPR 541, 550 (2022); *In re Lajara Radinson*, 207 DPR 854, 863 (2021); *In re Bermúdez Tejero,* 206 DPR 86, 94 (2021).

auxiliares, entre estos, la Oficina del Procurador General.[5] Por lo tanto, el abogado que incumpla o atienda fuera de término tanto las órdenes judiciales o los requerimientos de las entidades correspondientes, constituye una falta de respeto seria por atentar contra la autoridad de estas instituciones en contravención con el Canon 9, supra.[6] A su vez, "[e]sta falta ética es independiente de los méritos que pueda tener la queja presentada contra el abogado y es suficiente para decretar la separación inmediata e indefinida de la profesión."[7]

Paralelamente, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, demanda de los abogados el deber de no causar dilaciones en la tramitación de las causas. Las dilaciones que provoque un abogado en un trámite disciplinario por incumplir o atender a destiempo una orden o requerimiento quebranta el Canon 12, supra.[8] Igualmente, se infringe este precepto si las actuaciones u omisiones del abogado atrasan o ponen en riesgo una causa de acción de un cliente.[9]

---

[5] *Íbid.*

[6] *In re Cuevas Velázquez*, 174 DPR 433, 441 (2008); *In re López Montalvo*, 173 DPR 193 (2008); *In re González Carrasquillo*, 164 DPR 813 (2005); *In re Martínez Miranda*, 160 DPR 263 (2003); *In re Soto Colón*, 155 DPR 623 (2001).

[7] *In re Cardona Estelritz*, supra; *In re Malavé Haddock*, 207 DR 573, 583 (2021); *In re López Pérez,* 201 DPR 123, 126 (2018).

[8] In re Cardona Estelritz, supra; *In re Bermúdez Tejero,* supra, pág. 95; *In re Rádinson Pérez,* 204 DPR 522 (2020).

[9] *In re Cardona Estelritz*, supra; *In re Meléndez Mulero,* supra, pág. 551; *In re López Santiago,* 203 DPR 1015, 1026-1027 (2020); *In re Carrasquillo Bermúdez*, 203 DPR 847, 858 (2020).

El Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, postula la carga que pesa sobre el abogado de ser diligente en la tramitación de los casos. Establece además el empeño que un miembro de la profesión legal tiene que desplegar para proteger los intereses de sus clientes. Constituye una falta de diligencia crasa y viola esta norma ética el abogado que incumpla o atienda a destiempo una orden o requerimiento del Procurador General y no informe a los clientes las órdenes emitidas por los tribunales o incurra en dilaciones irrazonables en la tramitación de las causas.[10] Algunas de las conductas que acarrean la infracción de este mandato ético son: "(1) no responder planteamientos medulares; (2) ignorar órdenes judiciales o administrativas; (3) incurrir en errores crasos; (4) desatender o abandonar el trámite de un caso, y (5) permitir que la acción se desestime sin realizar esfuerzos para evitarlo".[11]

A tono con lo anterior, según el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX, "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Es una obligación que "aplica independientemente del deber de diligencia comprendido en el Canon 18, supra."[12] En

---

[10] *In re Jusino Torres*, 210 DPR 919, 932 (2022); *In re Vélez Torres*, 209 DPR 848 (2022).

[11] In re Cardona Estelritz, supra; *In re Nazario Díaz*, 195 DPR 623, 637 (2016).

[12] *In re Jusino Torres*, supra, pág. 932 (2022); *In re Vélez Torres*, 209 DPR 848 (2022); *In re Hon. González Rodríguez*, 201 DPR 174, 2010 (2018).

consecuencia, omitir o no ofrecer información que podría afectar los derechos de los clientes en una causa de acción, lesiona este canon. Sobre este postulado ético, hemos expresado que "una sentencia es un asunto que debe informarse de inmediato al cliente".[13] Esto incluye los dictámenes que emitamos en un procedimiento disciplinario. Por lo tanto, se infringe este canon con la omisión de notificar la sentencia que este Tribunal emita con relación a la suspensión del ejercicio de la profesión legal.

El Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada", por lo que utilizar medios inconsistentes con la verdad lacera esta norma ética. Ocultar u omitir información que deba ser revelada a los clientes y a los tribunales es contrario a los principios básicos de integridad, honradez y sinceridad que promueve el Canon 35, supra.[14]

Por otro lado, el axioma del Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, es que el abogado se esfuerce al máximo para exaltar el honor y dignidad de la profesión legal. Según establece este canon, la confianza depositada sobre el abogado admitido en este Foro, como uno de sus miembros, demanda que este se desempeñe de forma digna y honorable.

---

[13] *In re Cardona Ubiñas*, 146 DPR 598, 605 (1998); *Colón Prieto v. Géigel*, 115 DPR 232 (1984).

[14] *In re Jusino Torres*, supra, pág. 933; *In re Valentín Custodio*, 187 DPR 529, 547 (2012).

Evidentemente, incumplir con una orden de este Tribunal o un requerimiento del Procurador General quebranta la confianza depositada en un letrado, máxime si está relacionada con el procedimiento disciplinario. Es causa suficiente la violación a los cánones 9, 12, 18, 19, 35 para infringir el Canon 38, supra.

De otra parte, un trámite disciplinario puede acarrear la pérdida del título profesional y, por ende, se podría afectar el derecho fundamental de un abogado a ganarse su sustento. Por ello, el estándar o *quantum* de prueba requerido en este procedimiento ético "es el de prueba clara, robusta y convincente, no afectado por reglas de exclusión ni a base de conjeturas."[15] Sobre este criterio probatorio no hemos establecido una definición concreta. No obstante, hemos expresado que es "mucho más sólida que la preponderancia de la evidencia, pero menos rigurosa que la prueba más allá de toda duda razonable".[16] Igualmente, se describe "como aquella prueba que produce en un juzgador de hechos una convicción duradera de que las contenciones fácticas son altamente probables".[17]

---

[15] *In re Irizarry Rodríguez*, 193 DPR 633, 667 (2015); *In re Salas Arana*, 188 DPR 339, 347 (2013); *In re Fontánez Fontánez*, supra; *In re Caratini Alvarado*, 153 DPR 575, 585 (2001).

[16] *In re Ruiz Rivera*, 168 DPR 246, 253 (2006).

[17] *In re Vissepó Vázquez*, 196 DPR 560, 563 (2016); *In re Martínez Almodóvar*, 180 DPR 805, 820 (2011); *In re Rodríguez Mercado*, 165 DPR 630, 641 (2005). Véase *In re Ruiz Rivera*, supra, pág. 253.

Por ello, salvo que se demuestre prejuicio, parcialidad o error manifiesto,[18] generalmente las determinaciones de hecho que formule un Comisionado Especial en un procedimiento disciplinario merecerán gran deferencia.[19] Esto se debe a que, tal como un juez del Tribunal de Primera Instancia, este funcionario se encuentra en mejor posición para aquilatar la prueba testifical y documental presentada.[20] Recuérdese que un Comisionado Especial atiende la *Querella*, evalúa y aquilata la prueba para luego rendir un Informe con sus determinaciones de hechos y conclusiones de derecho fundamentado en el aludido criterio probatorio. Sin embargo, si bien de ordinario estas se sostienen, este Tribunal puede adoptar, modificar o rechazar el Informe de un Comisionado Especial.[21]

Por último, en el desempeño de nuestra labor disciplinaria de la profesión legal consideramos varios factores antes de imponer una sanción, a saber:

> (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si constituye su primera falta y si no ha causado perjuicio a alguna parte; (4) la aceptación y el arrepentimiento sincero por las imputaciones; (5) la defensa frívola de su conducta; (6) si se trata de una conducta aislada; (7) el ánimo de lucro, y

---

[18] *In re Soto Aguilú*, 202 DPR 137, 146 (2019); *In re Morales Soto*, 134 DPR 1012 (1994); *In re Ortiz, Rivera*, 195 DPR 122, 134 (2016); *In re Guzmán Guzmán*, 181 DPR 495, 511 (2011).

[19] *In re Sepúlveda Valentín*, 2023 TSPR 20, 211 DPR ___ (2023); *In re Meléndez Mulero*, supra, pág. 554; *In re Colón Ortiz*, 204 DPR 452, 460-461 (2020); *In re Franco Rivera*, 203 DPR 770, 779 (2019).

[20] *In re Sepúlveda Valentín*, supra; *In re Joglar Castillo*, 210 DPR 956, 969 (2022).

[21] *In re Meléndez Mulero*, supra, pág. 552; *In re Rivera Rodríguez*, 202 DPR 1026, 1048 (2019).

(8) cualquier otra consideración atenuante o agravante aplicable a los hechos.[22]

## III

La comunidad jurídica no debe tomar la sanción de la suspensión de manera liviana pues esta paraliza, inhabilita y le proscribe al abogado que, por el término dictaminado, ejerza la profesión legal. Ni siquiera debe arriesgarse en aparentarlo. Una sentencia sobre un procedimiento disciplinario debe informarse de inmediato al cliente. El abogado tiene que notificarle de nuestro dictamen dentro del término provisto a sus clientes y a los foros judiciales y administrativos en los cuales tiene casos pendientes. De lo contrario se expone a otro procedimiento disciplinario.[23]

En el presente caso, es irrefutable que el licenciado Pérez Rojas incumplió con nuestra orden de notificar de manera inmediata a sus clientes y a la sala del tribunal de instancia sobre su inhabilidad para continuar representándolos en la causa de acción sobre deslinde y amojonamiento debido a la suspensión acaecida en *In re Pérez Rojas*, 195 DPR 571 (2016). Coincidimos con la apreciación de la Comisionada Especial en cuanto a que, con esta conducta, el licenciado Pérez Rojas violentó los cánones 9, 12, 18, 19, 35 y 38 del Código de Ética Profesional, supra, imputados por el Procurador General. En otras palabras, el letrado debió, sin dilación alguna, ser diligente y notificar la suspensión de la profesión tanto a sus

---

[22] *In re Alomar Santiago*, 2023 TSPR 16, 211 DPR ___ (2023); *In re Bonhomme Meléndez,* 202 DPR 610, 626 (2019); *In re Rivera Nazario*, 193 DPR 573, 587 (2015).

[23] *In re Gordon Menéndez I*, 171 DPR 210 (2007).

clientes como al tribunal de instancia y al ocultar u omitir esa información no exaltó el honor ni la dignidad de la profesión legal sino que faltó el respeto a esta Curia con su displicencia e inacción.

A su vez, el letrado incumplió con los términos concedidos tanto por este Tribunal como el extendido por el Procurador General para la contestación de la queja objeto del caso de epígrafe y, con ello, infringió los cánones 9 y 12 del Código de Ética Profesional.

Ahora bien, la Comisionada Especial concluyó que el letrado violó los cánones 12, 18 y 38 del Código de Ética Profesional porque la dilación del trámite judicial del caso se debió exclusivamente a la conducta del licenciado Pérez Rojas. El expediente refleja que, a pesar de que el Juez que presidió los procedimientos emitía las providencias relativamente rápido, la Secretaría del Tribunal de Primera Instancia las notificaba meses más tarde.

El letrado presentó la causa de acción el 2 de abril de 2016. El 23 de mayo de 2016 la parte demandada contestó la demanda. El 10 de junio de 2016 el tribunal de instancia emitió la *Orden para el manejo del caso* en la que estableció que se había activado el término de los cuarenta días que dispone la Regla 37.1 de Procedimiento Civil, supra, para que las partes se reunieran con el fin de preparar el *Informe de Manejo del Caso*. A su vez, dispuso que las partes contarían con cincuenta días desde la reunión para presentarlo. Sin embargo, la Secretaría del foro primario notificó la referida orden el

27 de septiembre de 2016. Esta orden fue la última determinación que el tribunal de instancia le notificó al letrado. No existe contención de que esta orden fue el último acontecimiento en el trámite judicial antes de que el abogado informara al tribunal de la suspensión con la que cargaba.

Asimismo, el 15 de junio de 2016, a días de haber contestado la demanda, el abogado de la parte demandada informó que estaría fuera de Puerto Rico. El Juez expresó "Enterado" el 6 de octubre de 2016, pero la Secretaría notificó la determinación emitida por el Juez el 16 de diciembre de 2016. Aun cuando el expediente no revela la razón, las providencias que el tribunal de instancia emitió en diciembre de 2016 se le notificaron directamente a la querellante. Recuérdese que en ese interín la querellante y su hijo descubrieron que el licenciado Pérez Rojas se encontraba suspendido por lo que conocieron la inhabilidad del letrado para representarla en el pleito.

Por otro lado, el licenciado Pérez Rojas presentó la moción informativa sobre la suspensión el 20 de enero de 2017. Aunque el Procurador no le imputa ninguna violación ética, la Comisionada Especial alude que el abogado debió solicitarle al tribunal que le concediera un término a la querellante para que contratara u obtuviera un representante legal. Sin embargo, esta no estaba imposibilitada de realizar la gestión de conseguir un abogado que la representara en el litigio desde que conoció que el letrado estaba impedido de hacerlo.

Igualmente, ante una situación como la de autos, el foro primario *motu proprio* podía conceder un término para ello.

Así, tal como lo hizo el 25 abril de 2017 cuando, so pena de archivo del caso sin perjuicio conforme la Regla 39.2 de Procedimiento Civil, supra, el tribunal le extendió a la demandante un término de cinco días para que anunciara la nueva representación legal. Ante la inacción de la querellante, el 31 de mayo de 2017 el foro primario emitió una *Sentencia* en la que desestimó la causa de acción sin perjuicio *por inactividad en los últimos seis meses*. La Secretaría del tribunal de instancia notificó la *Sentencia* el 8 de junio de 2017. Una semana más tarde, a saber, el 15 de junio de 2017, la señora Estévez Velázquez presentó la queja ante este Tribunal cuyo trámite concluyó con la presente Opinión.

Por lo tanto, de lo anterior se puede concluir que el pleito se encontraba en etapas iniciales y que no existe conexión entre la dilación del trámite judicial con el incumplimiento del abogado de notificarle a las partes y al foro de instancia de la suspensión. Es decir, si el licenciado Pérez Rojas no hubiese estado suspendido, el trámite judicial hubiese sufrido el mismo retraso.

Por otro lado, el Procurador General no presentó cargos contra el abogado porque provocó la desestimación de la causa de acción. Según determinó la Comisionada Especial, la falta de diligencia del licenciado Pérez Rojas para con su cliente en el trámite judicial culminó con el archivo de la demanda. No coincidimos con la determinación que al respecto formuló la

Comisionada Especial. Si bien es cierto que la conducta implicó que no se representaron adecuadamente los derechos de la querellante al no informar la suspensión ante el tribunal de instancia, no podemos pasar por alto varios aspectos. Primero, como mencionamos existe prueba de que la parte querellante no cumplió con la orden del tribunal de instancia de anunciar nueva representación legal y, apercibida, se desestimó el caso *por inactividad*. A su vez, la causa de acción de deslinde y amojonamiento es imprescriptible. Por lo tanto, la querellante puede volver a presentar la causa de acción, ya sea a través de una representación legal privada o mediante la auscultación de otras alternativas para estar adecuadamente representada por un profesional del derecho.[24]

En cuanto a la determinación de que el abogado infringió el Canon 18 del Código de Ética Profesional porque, a pesar de haber hecho la investigación, el abogado no incluyó a la Autoridad de Tierras en la demanda, nos parece improcedente porque el Procurador General no le imputó tal cargo al licenciado Pérez Rojas. Aun así, de las determinaciones de hechos surge que, luego de la contestación a la demanda el 23 de mayo de 2016, el letrado corroboró que la mensura que había realizado antes de presentar la demanda era diferente a las medidas al momento de presentarse la causa de acción y que, en efecto, le informó a los clientes sobre la necesidad de acumular a la Autoridad de Tierras, por ser el dueño del terreno. No

---

[24] *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 158 (2006); *Zayas v. Autoridad de Tierras*, 73 DPR 897, 901 (1952).

puede constituirse una infracción al Canon 18 el hecho de que, *como parte de la dinámica de un litigio*, la parte demandada haya formulado una defensa afirmativa que el abogado de la parte demandante no hubiese encontrado de la investigación razonable que realizó previo a la presentación de la demanda.

Ciertamente, ningún caso ético es idéntico. A la conducta desplegada por el licenciado Pérez Rojas le resta que sopesemos los criterios que consideramos al momento de disciplinar a un abogado. El licenciado Pérez Rojas ha ejercido la profesión por más de treinta años y no es hasta el 2016 en que hemos tenido la obligación de intervenir con quejas que se han presentado en su contra. Luego de la suspensión en el 2016 y del caso de epígrafe, las instancias en que hemos actuado no tuvieron una repercusión grave con alguna parte.[25] Aunque asegura que le informó a la parte querellante y esto no quedó demostrado con el estándar de prueba requerido, el licenciado Pérez Rojas aceptó que debió cumplir inmediatamente con la orden de notificar la suspensión. A su vez, demostró arrepentimiento por la conducta desplegada. Igualmente, no existe controversia respecto a que el dinero que el señor Vilalt Estévez le pagó al letrado estuvo dirigido a sus labores anteriores a la presentación de la demanda sobre deslinde y amojonamiento. Finalmente, el abogado le entregó el expediente al cliente.

---

[25] De las instancias que al presente el abogado ha sido sancionado, incluye un apercibimiento del deber de atender con diligencia los requerimientos del Procurador General y se le exhortó que redujera por escrito los contratos por servicios profesionales mediante *Resolución* emitida el 25 de enero de 2019 en el caso AB-2014-0454. En esa misma fecha emitimos una *Resolución* en el caso AB-2016-098 donde resultó censurado enérgicamente y apercibido del deber de cumplir con el Canon 24 del Código de Ética Profesional, 4 LPRA Ap. IX, de reducir por escrito los contratos de servicios profesionales.

Antes de concluir, la vida personal de los abogados no es infalible, pues esta puede ser trastocada con eventos de tal magnitud que su impacto le puede cambiar la vida para siempre. Sin embargo, por delicada o grave que sea la situación, el abogado debe poner en posición a los componentes que forman parte del procedimiento disciplinario. Esto no implica que con ello se justifique o se excuse la conducta impropia imputada, sino que permite que se contemple la totalidad de las circunstancias desde una justa perspectiva al momento de disciplinar a un miembro de la profesión legal.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede y en consideración a los factores para imponer una sanción disciplinaria, este Tribunal suspende por un periodo de treinta días del ejercicio de la abogacía al Lcdo. Javier Pérez Rojas por incumplir con nuestra orden de notificar la *Sentencia* sobre la suspensión previa y no informarle a la parte querellante ni al tribunal de instancia que presidió la demanda de deslinde y amojonamiento.

En consecuencia, se le impone al señor Pérez Rojas el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los

clientes y los foros a quienes le notificó de su suspensión dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra protocolar y el sello notarial del señor Pérez Rojas y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Pérez Rojas durante el periodo en que la fianza estuvo vigente.

Notifíquese por correo electrónico y personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Javier Pérez Rojas        CP-2019-0004        Conducta
    (TS-9,428)                                Profesional

SENTENCIA

En San Juan, Puerto Rico, a 21 de noviembre de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de esta Sentencia y en consideración a los factores para imponer una sanción disciplinaria, este Tribunal suspende por un periodo de treinta días del ejercicio de la abogacía al Lcdo. Javier Pérez Rojas por incumplir con nuestra orden de notificar la *Sentencia* sobre la suspensión previa y no informarle a la parte querellante ni al tribunal de instancia que presidió la demanda de deslinde y amojonamiento.

En consecuencia, se le impone al señor Pérez Rojas el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal que incaute inmediatamente la obra protocolar y el sello notarial del señor Pérez Rojas y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Consecuentemente, la fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados por el señor Pérez Rojas durante el periodo en que la fianza estuvo vigente.

Notifíquese por correo electrónico y personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y los Jueces Asociados señores Estrella Martínez y Colón Pérez no intervinieron.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo
